Charles ROBINSON, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 03–3059.

United States District Court,
C.D. Illinois,
Springfield Division.

Oct. 27, 2003.

Charles Robinson (pro se), Greenville Federal Correctional Institution, Greenville, IL, for Petitioner.

Gregory M. Gilmore, Springfield, IL, for Respondent.

## OPINION

RICHARD MILLS, District Judge.

The Court now considers Charles Robinson's 28 U.S.C. § 2255 Petition for Writ of Habeas Corpus.

### FACTS

On December 4, 1997, a jury convicted Charles Robinson of possession of cocaine and cocaine base with intent to distribute and simple possession of cocaine base. The Court sentenced Robinson on June 2, 1998. Robinson timely appealed. The Seventh Circuit affirmed Robinson's con-

victions, but vacated his sentence and remanded. *See United States v. Robinson,* 164 F.3d 1068 (7th Cir.1999).

On remand, Robinson received a sentence of 100 years in prison. *See United States v. Robinson,* 76 F.Supp.2d 941 (C.D.Ill.1999). Again, Robinson appealed. The Seventh Circuit affirmed in *United States v. Robinson IV,* 215 F.3d 1331, 2000 WL 689182 (7th Cir.2000). However, the Supreme Court vacated the Seventh Circuit's judgment and remanded "for further consideration in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)". *See Robinson v. United States,* 531 U.S. 1005, 121 S.Ct. 559, 148 L.Ed.2d 479 (2000). The Seventh Circuit reviewed Robinson's *Apprendi* claim and held that he was not entitled to new sentencing hearing given the overwhelming evidence establishing drug quantities supporting enhanced sentences. *See United States v. Robinson,* 250 F.3d 527 (7th Cir.2001).

Robinson sought certiorari, but the Supreme Court denied his motion on October 1, 2001. *See Robinson v. United States,* 534 U.S. 895, 122 S.Ct. 215, 151 L.Ed.2d 153 (2001). Robinson moved for rehearing on his motion. The Supreme Court denied rehearing on March 18, 2002. *See Robinson v. United States,* 535 U.S. 952, 122 S.Ct. 1354, 152 L.Ed.2d 256 (2002).

Robinson filed the instant habeas petition on March 14, 2003. The Court denies Robinson's petition because it is untimely.

## ANALYSIS

 The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a "1 year period of limitation" on petitions, triggered by one of four events, including "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255. The AEDPA does not define "final" or specify how the 1 year period should be computed. However, "[f]or defendants who try unsuccessfully to take their case to the Supreme Court, their judgments of conviction become final on the date their petitions for certiorari are denied." *See United States v. Marcello,* 212 F.3d 1005, 1008 (7th Cir.2000) (citations omitted).

The Supreme Court denied Robinson's petition for certiorari on October 1, 2001. Thus, October 1, 2001, was the date his judgment of conviction became final. Robinson had one year from that date to file a habeas petition. *See* 28 U.S.C. § 2255; *Marcello,* 212 F.3d at 1008. Because Robinson did not file his habeas petition until March 14, 2003, the petition must be denied as untimely.

*Ergo,* Robinson's Petition for Writ of Habeas Corpus is DENIED. This case is CLOSED.

IT IS SO ORDERED.